SHANNON, Judge.
This is an interlocutory appeal by the defendant from an order of the chancellor below denying a motion to dismiss and a motion for better particulars.
The plaintiff brought suit for a partnership accounting and by the allegations of his amended complaint he presents the following situation. The plaintiff and the defendant Hammond were partners in an automobile sales agency known as Skyline Auto Sales. After about two months of operation the partners fell into disagreement, and Hammond took possession of the firm’s automobiles. The plaintiff requested an accounting, but efforts in this direction failed as the parties were unable to agree. As a result the plaintiff brought this suit. The Largo Loan Company, appellant here, is a third party as to the partnership. The allegation of the complaint which concerns it reads as follows:
“That the defendant, Largo Loan Company, Inc., in violation of Florida Statutes 516.14 [F.S.A.] received monies from Skyline Auto Sales, in addition to interest provided for in said statute, as a commission for loaning money to persons in order that said persons may purchase automobiles from Skyline Auto Sales.”
For relief, the plaintiff prays:
“[T]hat the defendant, Largo Loan Company, Inc., be ordered to reimburse the plaintiff for all monies received by said Largo Loan Company, Inc., in violation of Florida Statutes 516.14.”
The Largo Loan Company moved to dismiss this complaint on the ground that it failed to state a cause of action upon which relief might be granted against it. The statute cited deals generally with licensed small loan businesses and the applicable-portion reads as follows:
“ * * * In addition to the interest herein provided for, no further or other charges or amount whatsoever for any examination, service, brokerage, commission or other thing or otherwise shall be directly or indirectly charged, contracted for or received,, except the documentary excise tax * * *. If interest or charges in-excess of those permitted by this chapter shall be charged, contracted for or received, except as the result of a bona fide or accidental error, the contract or loan shall be void and the-licensee shall have no right to collect or receive any principal, interest or charges whatsoever. In the event of an accidental or bona fide error, the licensee shall refund or credit the borrower with the amount of such overcharge within five days of the discovery of such error.”
The chancellor denied the motion to dismiss, and we find that this was error. At no point in the complaint does the plaintiff allege sufficient averments of fact to-show that he is entitled to claim the benefit of this statute. The statute is intended to-prevent the exaction of excessive interest or charges from borrowers, and the amended complaint does not show how this plaintiff is within the class protected. The allegations of the complaint as they concern the appellant constitute merely a conclusion on the part of the pleader. In other words, they are inadequate to state a cause for relief so as to attach any liability to the Largo Loan Company.
Therefore, it is the opinion of this court that the chancellor erred in not granting *446 the motion to dismiss. Since the case will have to be reversed on this point we do not find it necessary to discuss appellant’s second point, the denial of its motion for better particulars.
Reversed.
ALLEN, C. J., and KANNER, J., concur.